## SIMPSON v. MAYO, Custodian, Florida State Prison.

### Civ. No. 1540-J.

United States District Court,
S. D. Florida, Jacksonville Division.

March 18, 1949.

Petitioner pro se.

Reeves Bowen, Asst. to the Atty. Gen., for respondent.

De VANE, District Judge.

When this case came before the court an order was entered on January 18, 1949, directing respondent to answer said petition within twenty days and in compliance with said order the respondent filed his answer to the petition. In said order the court stated that, "After said Answer has been filed herein a Writ will issue at which time a date and place will be fixed by the court to hear all witnesses for all parties so that this matter may be considered and disposed of on its merits." The reason for that part of said order of January 18, 1949 was that it appeared on the face of the petition that petitioner apparently had not been accorded his day in a State court. The answer to the petition for writ of habeas corpus attaches thereto a copy of the petition for writ of habeas corpus filed in the Supreme Court of Florida, which shows on its face that petitioner had been accorded his day in a State court. The petition filed with the Supreme Court of Florida alleges nothing that would justify a Federal court or a State court to issue a writ of habeas corpus thereon. Moreover, the petition for writ of habeas corpus filed in the State court raises issues different to those raised in the petition for writ of habeas corpus filed in this court.

Following the filing of the answer by respondent herein, petitioner has filed with this court an amendment to his petition for writ of habeas corpus and a motion that said amendment be allowed. Same will be allowed and taken into consideration in disposing of this petition for a writ.

It now appears to the court that nothing is alleged in said petition as amended that would justify Federal interference with the State courts' process under which said petitioner is held, nor does it appear that petitioner has exhausted his remedies in the state courts to test the legality of his detention upon the grounds alleged in the petition as amended filed herein.

An order will be entered in conformity with this memorandum decision.